UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MT. HAWLEY INSURANCE COMPANY,    :
                                 :
    Plaintiff,                   :   Case No. 1:19-cv-20409-MGC
                                 :
v.                               :
                                 :
BRICKELL ON THE RIVER SOUTH TOWER :
CONDOMINIUM ASSOCIATION, INC., and :
MICHAEL LALLA,                   :
                                 :
    Defendant.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEFENDANT'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Brickell on the River South Tower Condominium Association, Inc. ("Brickell") files this Statement of Material Facts in Support of its Motion for Summary Judgment, and states as follows:

**I.     Mt. Hawley Covers Brickell Under a General Liability Policy.**

1. Mt. Hawley issued Commercial General Liability Policy number MGL0182189, effective from December 15, 2016, to December 15, 2017, to Brickell (the "Policy"). *See* ECF No. 1-6.

2. The Policy's Insuring Agreement provides:

> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.    Insuring Agreement**
>
> a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

*Id.* at 4.

3. The Policy is modified by a Tenants and Contractors Endorsement, which provides that Mt. Hawley "shall have no obligation to defend or indemnify any insured for any 'bodily injury,' 'property damage,' and/or 'personal and advertising injury' arising directly or indirectly from a commercial tenant's occupation, use or maintenance of any premises leased to such tenant by any insured, such tenant's operations of any kind, or work by a 'contractor' unless" certain conditions are satisfied. ECF No. 1, Ex. D at 29. A "contractor" is "any person or entity that any insured hires or contracts with for the performance of any work for construction,

1

renovations, maintenance (including, but not limited to, snow removal), or repairs." *Id.*

4. The Policy also contains a subrogation clause, which provides that if "the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them." *Id.* at 16.

## II. A Passenger in Brickell's Elevator Sues Brickell for Negligence.

5. While Brickell was insured under the Policy, an elevator in Brickell's building allegedly malfunctioned and fell several floors before coming to a stop. *See* ECF No. 1, Ex. A.

6. Michael Lalla, a passenger on the elevator, sued Brickell for negligence. *See id.*

7. That claim (the "Lalla claim") remains pending in Florida state court. *See id.*; Case No. 2018-029573-CA-01, Eleventh Judicial Circuit of Florida.

## III. Brickell Tenders Defense of the Lalla Claim to Mt. Hawley, Who Reserves Its Rights and Files This Action.

8. Brickell tendered defense of the Lalla claim to Mt. Hawley, who agreed to defend under a reservation of rights. *See* Ex. 1.

9. Mt. Hawley then filed this action seeking a declaration that it owes no duty to defend or indemnify. *See* ECF No. 1.

10. In Mt. Hawley's complaint, and in prior communications with Brickell, Mt. Hawley does not dispute that the Policy's insuring agreement covers Lalla's claim. *See* Ex. 1; ECF No. 1. It instead disclaims coverage under two provisions: the Tenants and Contractors Endorsement, and the Subrogation Provision. *See id.*

11. Mt. Hawley's arguments refer to an elevator maintenance agreement between Brickell and ThyssenKrupp (the "Gold's Maintenance Agreement"). Brickell executed the agreement in 2011. *See* ECF No. 1, Ex. C at 5.

Dated:  June 20, 2019

HUNTON ANDREWS KURTH LLP

*/s/ Walter J. Andrews*
Walter J. Andrews (Fla. Bar No. 84863)
David M. Costello (Fla. Bar No. 1004952)
HUNTON ANDREWS KURTH LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Tel:  (305) 810-6407
wandrews@huntonAK.com
dcostello@huntonAK.com
*Attorneys for Brickell on the River South Tower Condominium Association, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 20, 2019 a true and correct copy of DEFENDANT'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT was electronically filed using CM/ECF.

*/s/ Walter J. Andrews*
HUNTON ANDREWS KURTH LLP