UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20409-Civ-COOKE/GOODMAN

MT. HAWLEY INSURANCE COMPANY,

   Plaintiff,

vs.

BRICKELL ON THE RIVER SOUTH
TOWER CONDOMINIUM ASSOCIATION,
INC.,

   Defendant.
_____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") seeks a declaration from this Court that it owes no duty to defend or indemnify Defendant Brickell on the River South Tower Condominium Association Inc. ("Brickell") pursuant to a Commercial General Liability Policy in a negligence action against Brickell. Before the Court are cross motions for summary judgment. For the reasons stated below, Brickell's Motion for Summary Judgment (ECF No. 27) is **GRANTED**, Mt. Hawley's indemnification claim is **STAYED**, and Mt. Hawley's Motion for Summary Judgment (ECF No. 32) is **DENIED**.

### BACKGROUND

The following facts are undisputed[1]. Mt. Hawley issued a Commercial General Liability Policy (the "Policy") to Brickell. The Policy's Insuring Agreement states:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

---

[1] Unless otherwise noted, the following facts are found in Defendant's Statement of Material Facts (ECF No. 28) and/or Plaintiff's Statement of Material Facts (ECF No. 31).

ECF No. 1-6 at 4. The Policy is modified by a Tenants and Contractors Endorsement (the "Endorsement"), which states, in pertinent part, that Mt. Hawley has no duty to defend or indemnify Brickell for any bodily injury "arising directly or indirectly from" work by a contractor unless various conditions are satisfied. *Id.* at 29. The Policy also contains a subrogation clause that states "if the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them." *Id.* at 16.

Prior to executing the Policy, Brickell entered an agreement with ThyssenKrupp (the "Maintenance Agreement") relating to the maintenance of elevators in Brickell's building. The Maintenance Agreement requires ThyssenKrupp to "provide a comprehensive maintenance program design to protect [Brickell's] investment and maximize the performance, safety, and life span of the elevator equipment to be maintained." ECF No. 1-5 at 1. The Maintenance Agreement also requires ThyssenKrupp to make six service visits annually and perform periodic safety testing of the elevators. The Maintenance Agreement contains provisions where Brickell agrees to indemnify ThyssenKrupp and waive its right of subrogation.

While the Policy was in effect, Michael Lalla[2] ("Mr. Lalla") was a passenger on an elevator in Brickell's building that allegedly fell several floors before coming to an abrupt stop, allegedly injuring Mr. Lalla in the process. Mr. Lalla filed suit against Brickell in a Florida state court (the "Underlying Action"), alleging a single count of negligence against Brickell. *See* ECF No. 1-3. The complaint in the Underlying Action ("Mr. Lalla's Complaint") alleges Brickell was negligent in several ways, including: failing to warn, failing to shut down the elevator, violating Florida building codes, and failing to prevent the elevator from malfunctioning.

Mr. Lalla's Complaint alleges that Brickell's "breach of its duty was the sole and proximate cause of plaintiffs injuries and damages" and "as a result of [Brickell's] negligence,

---

[2] Mt. Hawley named Mr. Lalla as a defendant in this Matter but failed to serve him under Federal Rule of Civil Procedure 4 after several opportunities from the Court to do so. Accordingly, the Court dismissed Mr. Lalla from the action. Neither party argues Mr. Lalla is an indispensable party under Rule 19, and upon consideration of the facts of record and the relevant legal authorities, the Court believes the action can proceed among the existing parties.

2

Plaintiff has suffered severe and permanent injuries and continues to experience pain and suffering, permanent impairment, loss of capacity for the enjoyment of life, loss of earnings, and lost wage-earning capacity." *Id.* at 3-4. Mt. Hawley tendered defense to Brickell under a reservation of rights. The Underlying Action remains pending.

Mt. Hawley filed an action with this Court seeking a declaration that it owes no duty to defend or indemnify Brickell under the Policy. Mt. Hawley admits Mr. Lalla's claim is covered by the Policy, but argues it owes no duty to defend or indemnify under the Endorsement and the subrogation provision.

## I.  LEGAL STANDARD

Courts should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) (internal quotations omitted). Thus, the entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party must "show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the movant does so, "the burden shift[s] to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.* A genuine factual dispute exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999). The opposing party must proffer more than "a mere scintilla of evidence" to show "that the jury could reasonably find for that party." *Abbes v. Embraer Servs., Inc.*, 195 F. App'x 898, 899- 900 (11th Cir. 2006) (internal quotations omitted). When deciding whether summary judgment is appropriate, "the evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the nonmoving party." *Bush v. Houston County Commission*, 414 F. App'x 264, 266 (11th Cir. 2011).

## DISCUSSION

Mt. Hawley contends it is entitled to a declaration that it has no duty to defend or indemnify Brickell from and against the Underlying Action. First, Mt. Hawley argues it is relieved from its duty to defend or indemnify because Brickell did not satisfy all the conditions required by the Endorsement. Second, it argues the waiver of subrogation provision in the Maintenance Agreement breaches the Policy requirement that Brickell cooperate in the enforcement of any rights against a person and the transfer of rights of recovery against others to Mt. Hawley.

The Court finds, and the Parties do not contest, that it is bound by Florida substantive law in deciding this diversity action. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). In Florida, "where an insurer has no duty to defend, it has no duty to indemnify its insured." *Clarendon Nat'l Ins. Co. v. Vickers*, No. 05-60805-CIV, 2006 WL 8434796, at *3 (S.D. Fla. May 25, 2006). Accordingly, the Court must first determine whether Mt. Hawley has a duty to defend Brickell in the Underlying Action.

### A. Duty to Defend

The Endorsement provides that the Underlying Action is outside of policy coverage if: 1) the injuries arose directly or indirectly from a contractor's work and 2) Brickell failed to comply with the conditions outlined in the Endorsement. *See* ECF No. 1-6 at 29. Mt. Hawley argues it has no duty to defend under the Endorsement because Mr. Lalla's injuries arose from the work of a contractor, *i.e.*, ThyssenKrupp and Brickell failed to comply with the conditions in the Endorsement.

Brickell does not contest that ThyssenKrupp meets the definition of a "contractor." Nor does it claim it satisfied the conditions in the Endorsement. Rather, Brickell argues the Endorsement does not bar coverage because the complaint in the Underlying Action does not allege that Mr. Lalla's injuries arose directly or indirectly from a contractor's work. *See* ECF No. 27. Therefore, the Court's decision turns on whether Mr. Lalla's injuries arose directly or indirectly from ThyssenKrupp's work.

The Court may only consider the facts and legal theories alleged in Mr. Lalla's Complaint in determining whether Mt. Hawley has a duty to defend. *See Lawyers Title Ins. Corp. v. JDC (Am.) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995). An insurer's duty to defend "is triggered when the complaint [in the underlying lawsuit] alleges facts that fairly and

4

potentially bring the action within policy coverage." *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 438 (Fla. 2005). "When an insurer relies on an exclusion to deny coverage, it has the burden of demonstrating that the allegations of the complaint are cast solely and entirely within the policy exclusion and are subject to no other reasonable interpretation." *Hartford Acc. & Indem. Co. v. Beaver,* 466 F.3d 1289, 1296 (11th Cir. 2006) (quoting *Northland Cas. Co. v. HBE Corp.*, 160 F.Supp.2d 1348, 1359 (M.D.Fla.2001)).

Florida recognizes a narrow exception to the rule that the Court may only look to the allegations in the underlying complaint in assessing whether there is a duty to defend: "[I]n special circumstances, a court may consider extrinsic facts if those facts are undisputed, and, had they been pled in the complaint, they clearly would have placed the claims outside the scope of coverage." *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014).

Here, Mr. Lalla's Complaint "fairly and potentially bring[s] the action within policy coverage" and Mt. Hawley has not met its burden to establish that an exclusion applies. It has failed to show that the allegations are "cast solely and entirely within" the Endorsement because Mr. Lalla's Complaint does not allege any injury arose from ThyssenKrupp's work. *See* ECF No. 1-3. In fact, it does not mention ThyssenKrupp or any other contractor. *Id.*

Instead, Mt. Hawley argues that under Florida's narrow exception, the Court may look outside Mr. Lalla's Complaint to an undisputed fact—that Brickell "used an elevator contractor to service, maintain and inspect its elevators"—to find that Mr. Lalla's injuries arose from a contractor's work. *See* ECF No. 32 at 10. Mt. Hawley relies on several non-binding cases that held where an unpled, but undisputed fact clearly places a claim outside of policy coverage, the court can read that fact into the complaint. *Id.* at 13-15.

Those cases are distinguishable from the facts here, where if the fact that ThyssenKrupp maintained the elevators had been pled, it would not clearly place the claim outside of policy coverage. For example, in *Composite Structures, Inc. v. Cont'l Ins. Co.*, the date of notice to the insurance company was undisputed but had not been pled in the underlying complaint. *Composite Structures, Inc. v. Cont'l Ins. Co.*, 560 F. App'x 861, 866 (11th Cir. 2014). The Eleventh Circuit found that because the notice was untimely under the policy, it was clear that if the date had been pled, the claim would be outside of policy coverage. *Id.* Accordingly, it held that under Florida's exception, it could consider this extrinsic, uncontroverted fact to find the insurer had no duty to defend. *Id.* Here, even if the fact that ThyssenKrupp

5

maintained the elevators had been pled, the claim would not clearly be outside of policy coverage because it would not be clear that Mr. Lalla's injuries arose from a contractor's work. Mr. Lalla's Complaint does not allege any cause of his injury other than Brickell's negligence.

Mt. Hawley argues that Mr. Lalla's Complaint makes clear that his injuries arose directly or indirectly from ThyssenKrupp's work because the Policy applies to a bodily injury caused by an "occurrence," and Florida law defines the occurrence as the "immediate injury-producing act." *See* ECF No. 36 at 3. That occurrence, it argues, is the elevator's abrupt stop, not Brickell's negligence. *Id.* Mt. Hawley reasons that considering the high regulation of elevators and the Maintenance Agreement, "there is no question that the elevator's abrupt stop directly or indirectly arose from a contractor's work," and therefore, it is relieved from its duty to defend. *Id.* at 5. In support, Mt. Hawley cites to *Auto-Owners Ins. Co. v. Ralph Gage Contracting Inc.* In *Auto-Owners*, the underlying claimants sued a home inspector for failing to discover water and mold damage before they purchased the house. The Eleventh Circuit held, in an unpublished opinion, that the defendants failed to establish the claim was covered under the policy because they "failed to establish a causal connection between an occurrence—[the home inspector's] negligence—and the alleged property damage." *Auto-Owners Ins. Co. v. Ralph Gage Contracting Inc.*, 685 F. App'x 820, 823 (11th Cir. 2017). The court reasoned that the damage existed before the home inspection, and even if the inspector discovered the damage, the physical damage would still exist. And, likewise, those defects would have led to a loss of property use. The court found it irrelevant to the analysis whether the loss of property use was suffered by the underlying claimants or some other home buyers. *See Auto-Owners Ins. Co.*, 685 F. App'x at 823.

This holding is inapplicable to the issue here. In *Auto-Owners*, the underlying claimants did not allege that the inspector's negligence itself caused the damages, whereas here, Mr. Lalla alleges that Brickell's negligence alone caused his injuries. If Brickell was not negligent as alleged, Mr. Lalla's physical injuries would not have occurred. For example, Mr. Lalla alleges Brickell failed to shut down the elevator. If Brickell had shut down the elevator, Mr. Lalla would not have been on the elevator as it malfunctioned, injuring him in the process. As such, the Court cannot find the claim is "solely and entirely within the policy exclusion." *See Hartford Acc. & Indem. Co.,* 466 F.3d at 1296; *See also Lime Tree Vill. Cmty. Club Ass'n, Inc. v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993) (recognizing that when the

6

complaint alleges facts that potentially bring any part the suit within the policy coverage, "the insurer is obligated to defend the entire suit").

Mt. Hawley also argues it is relieved from its duty to defend because terms in the Maintenance Agreement violate the subrogation provision of the Policy, which states "if the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing **after** loss to impair them." ECF No. 1-6 at 16 (emphasis added). Brickell argues that it did not breach the subrogation provision because it entered the Maintenance Agreement before the loss, so "any waiver of subrogation occurred *before* the loss, in compliance with the Policy." ECF No. 27 at 11. In support of this argument, Brickell cites to several cases that have held "the provision does not bar a pre-loss subrogation waiver." ECF 27 at 11. In response, Mt. Hawley does not contest that the case law on which Brickell relies supports its position that an insured can enter a pre-loss subrogation waiver. Rather, Mt. Hawley argues it "contracted around" this case law by endorsing the insurance policy with the Contractor's Endorsement. ECF No. 32 at 9. Mt. Hawley cites to no law or policy provision to support the argument that the two provisions can work in tandem to bar coverage, and the Court has not found this support on its own. Accordingly, the Court finds Mt. Hawley has a duty to defend Brickell from the Underlying Action.

### B. Duty to Indemnify

Having found Mt. Hawley has a duty to defend under the Policy, the Court will now address Mt. Hawley's claim that it has no duty to indemnify Brickell. Brickell argues that Mt. Hawley's request for a declaration as to its indemnity obligation is not ripe until Brickell has been found liable in the underlying lawsuit. *See* Defendant's Motion for Summary Judgment, ECF No. 27 at 11. The Court agrees. As the underlying action is ongoing and Brickell's liability has yet to be established, Mt. Hawley's indemnification claim is not ripe for adjudication. *See Smithers Const., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008) (finding a request for a declaration as to indemnity obligation premature and staying that request until the resolution of the underlying suit). Accordingly, the Court will stay Mt. Hawley's indemnification claim pending resolution of the Underlying Action.

7

## II.     CONCLUSION

The facts alleged in the Underlying Action potentially fall within the Policy's coverage, and therefore, Mt. Hawley owes a duty to defend. Accordingly, for the foregoing reasons, it is **ORDERED and ADJUDGED** that the Plaintiff's Motion for Summary Judgment (ECF No. 32) is **DENIED** and Defendant's Motion for Summary Judgment (ECF No. 27) is **GRANTED**. Further, as the Court finds Mt. Hawley's indemnification claim is premature, that claim is **STAYED** pending resolution of the Underlying Action. The Parties shall notify the Court within three business days of the resolution of the action.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 11th day of March 2020.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of Record*